Jason BRASFIELD, Appellant,

v.

The STATE of Texas.

No. 1489–99.

Court of Criminal Appeals of Texas. En banc.

May 24, 2000.

Robert P. Abbott, Coppell, for appellant.

Jeffrey L. Van Horn, Asst. State's Atty., Matthew Paul, State's Atty., Austin, for the State.

PER CURIAM.

The appellant was indicted for sexual assault. On September 28, 1998, he waived trial by jury and pleaded guilty. There was no agreed recommendation of punishment from the prosecutor. The appellant testified, admitting his guilt, and answering these questions which were put by his counsel:

Q. Now you are asking the Judge to consider deferred adjudication; is that right?

A. Yes.

Q. You're also asking him to, if it's possible, to not have you register as a sex offender?

A. Yes.

Q. You understand the law mandates that. Are you asking the Judge also to permit you to appeal the constitutionality of the statute; is that right?

A. Yes.

The court granted deferred adjudication and placed the defendant under community supervision. One of the conditions of supervision was that the appellant register as a sex offender.[1] Then the judge said:

Now before your plea you did raise an objection to the sex offender registration law. The Court under the law has no option but to require you to register as a sex offender. I have to tell you I do not

approve of this. I believe judges should be given some discretion in this matter, but we are not. We have to live by the law. If you wish to appeal my decision on that matter, I do give you permission to do that.

The appellant gave written notice of appeal the same day. He presented three points of error: (1) The court erred in overruling his constitutional challenge to the sex offender registration law, (2) He entered an involuntary guilty plea under the mistaken impression that the trial court could authorize his appeal on the first point, and (3) Counsel was ineffective for failing to preserve the first point for appeal. As to his second point, the appellant argued:

The record ... reflects that Appellant pleaded guilty under the mistaken belief that the trial court could authorize his appeal of the sex offender registration statute. ... Generally, the defendant's voluntary plea of guilty or nolo contendere without a negotiated agreement waives all nonjurisdictional defects, including claimed deprivations of due process. *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972) .... Under the *Helms* rule, then, Appellant's non-negotiated guilty plea waived his constitutional complaint regarding the sex offender registration statute. ... Appellant, his attorney and the district judge all labored under the false impression that the trial court could authorize the appeal of the registration law despite the open plea. Because Appellant wrongly believed that he had preserved for appellate review the issue discussed in Point of Error No. 1, he entered an involuntary guilty plea.[2]

The court of appeals sustained the second point, writing:

---

1. "Register as a sex offender with the local law enforcement authority in the municipality/county where you reside or intend to reside for more than seven days. You must register

not later than the seventh day after your arrival." Judgment Condition M, Record at 14.

2. Brief at 11–12.

Generally, a guilty plea entered without a plea bargain agreement waives all non-jurisdictional defects that have occurred prior to the entry of the plea. *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim. App.1972); *see Jack v. State,* 871 S.W.2d 741, 744 (Tex.Crim.App.1994). This waiver rule is predicated on a knowing and voluntary plea of guilty. If a guilty plea is entered without a plea bargain agreement, as here, on the mistaken understanding that the merits of a pre-trial motion may be raised on appeal, the plea is not entered knowingly and voluntarily. ... Brasfield's plea was conditioned on the incorrect assumption which is apparent from the discussion between counsel and the court that he could appeal the requirement that he register as a sex offender; as a result, the plea was involuntary. The judgment is reversed and the case is remanded for a new trial.[3]

The State petitioned for discretionary review, arguing first that this Court should reconsider its cases that require a reversal and remand when a pre-trial error was waived under the *Helms* Rule, and second that a harmless-error analysis should be performed in such cases.

We grant review of the court of appeals' decision on our own motion,[4] and summarily reverse and remand.

The rule of waiver that was usually referred to as the *Helms* Rule was that a knowing and voluntary guilty plea waives all nonjurisdictional errors "that occurred prior to the entry of the guilty plea."[5] The court of appeals correctly stated the former rule, and apparently found that the appellant was attempting to appeal a ruling on a pre-trial motion. It is not clear whether this is correct.[6] Regardless of when the trial court ruled that there would be a condition that required the appellant to register as a sex offender, the plea of guilty did not "waive" the issue. If the ruling was made before the plea, it was not waived under the *Helms* Rule because of our recent decision that:

> The *Helms* Rule shall no longer be enforced in the terms in which it was stated in 1972. Whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere 'waives' or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error."[7]

This decision was made after the court of appeals' opinion was issued and the petition for discretionary review was filed in this case.

If the trial court's ruling was made after the plea of guilty, when the condition of probation was imposed, the *Helms* Rule never came into play, and the plea of guilty that was entered before the ruling did not "waive" this issue.

Therefore under either of the possible views of the error that is claimed, the plea of guilty did not "waive" the first point of error. Of course we express no opinion as to the merits of that point or the question of whether it was preserved for review.

The judgment of the court of appeals is reversed and the case is remanded to that

---

3. *Brasfield v. State,* 998 S.W.2d 406, 407 (Tex. App.—Texarkana 1999) (citations omitted).

4. "The Court of Criminal Appeals may review decisions of the court of appeals on its own motion." Tex.Code Crim. Proc. art. 44.45(a).

5. *Jack v. State,* 871 S.W.2d 741, 743 (Tex.Cr. App.1994).

6. The appellant said he "specifically challenged the constitutionality validity of the registration statutes prior to entering his guilty plea," citing a notation on the docket sheet that reads, "Defendant, before the plea raised objection to sex offender registration law and the Court approves his appeal of the same." *See* Brief at 6, Clerk's Record at 4. The appellant then says that the trial court ruled on the matter *after* the plea. *See* Brief at 6–7, citing Reporter's Record at 12–13.

7. *Young v. State,* 8 S.W.3d 656, 666–67 (Tex. Cr.App.2000) (footnote omitted).

court for further consideration of the first and third points of error, consistent with this opinion.