

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00391-CR

**REGINALD CALLIS,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

_____

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. 31761**

_____

## MEMORANDUM  OPINION

_____

Reginald Callis entered a negotiated plea of guilty to possession of a controlled

substance.  Pursuant to an agreement between defense counsel and the State, the trial

court allowed Callis to reserve the right to appeal any double jeopardy issues related to

cases in another county.  The trial court then sentenced Callis to twelve years in prison.

In a single issue, Callis argues that his plea was involuntary because the State, defense

counsel, and the trial court misrepresented that he could appeal the "issue of double

jeopardy arising from out of county convictions." Although it disagrees that Callis was intentionally misled, the State concedes error. We reverse and remand.

"[A] guilty plea, to be consistent with due process of law, must be entered knowingly, intelligently, and voluntarily." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006), *cert. denied*, 549 U.S. 1052, 127 S. Ct. 667, 166 L. Ed. 2d 514 (2006); *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711, 23 L. Ed. 2d 274 (1969); *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 1171, 22 L. Ed. 2d 418 (1969). It "must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises." *Kniatt*, 206 S.W.3d at 664; *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472, 25 L. Ed. 2d 747 (1970).

"[A] double jeopardy claim may be raised for the first time on appeal or for the first time on collateral attack when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when (2) the enforcement of the usual rules of procedural default serves no legitimate state interests." *Ramirez v. State*, 36 S.W.3d 660, 666 (Tex. App.—Waco 2001, pet. ref'd); *accord Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). The record contains no facts by which a double jeopardy determination could be made. Callis could not bring a double jeopardy claim for the first time on appeal. Because his guilty plea was premised on a contrary representation, we agree with Callis and the State that Callis's guilty plea was involuntary. *See Kniatt*, 206 S.W.3d at 664; *see also Brady*, 397 U.S. at 755, 90 S. Ct. at 1472; *Brasfield v. State*, 18 S.W.3d 232, 233-34 (Tex. Crim. App. 2000) (Brasfield "pleaded guilty under the mistaken belief that the trial court could authorize his appeal of the sex

offender registration statute;" his plea was involuntary); *Collins v. State*, 795 S.W.2d 777, 778 (Tex. App.—Austin 1990, no pet.) (Collins's plea was involuntary, as "trial counsel and the trial court erroneously believed that because this was a negotiated plea, Collins could appeal the denial of his suppression motion despite his plea of 'no contest'").  We sustain Callis's sole issue.

We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.


FELIPE REYNA
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Reversed and remanded
Opinion delivered and filed October 21, 2009
Do not publish
[CR25]