IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00391-CR

 

Reginald Callis,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 31761

 



MEMORANDUM  Opinion



 








Reginald Callis entered a negotiated plea
of guilty to possession of a controlled substance.  Pursuant to an agreement
between defense counsel and the State, the trial court allowed Callis to
reserve the right to appeal any double jeopardy issues related to cases in
another county.  The trial court then sentenced Callis to twelve years in
prison.  In a single issue, Callis argues that his plea was involuntary because
the State, defense counsel, and the trial court misrepresented that he could
appeal the “issue of double jeopardy arising from out of county convictions.”  Although
it disagrees that Callis was intentionally misled, the State concedes error.  We
reverse and remand.

 “[A] guilty plea, to be consistent with
due process of law, must be entered knowingly, intelligently, and voluntarily.” 
Kniatt v. State, 206 S.W.3d 657, 664 (Tex. Crim. App.
2006), cert. denied, 549 U.S. 1052, 127 S. Ct. 667,
166 L. Ed. 2d 514 (2006);
Boykin v. Alabama, 395 U.S. 238, 242, 89 S. Ct.
1709, 1711, 23 L. Ed. 2d 274 (1969); McCarthy v. United States, 394 U.S. 459, 466, 89 S. Ct.
1166, 1171, 22 L. Ed. 2d 418 (1969).  It “must be the expression of
the defendant’s own free will and must not be induced by threats, misrepresentations, or
improper promises.”
 Kniatt, 206 S.W.3d at 664;
Brady v. United States, 397 U.S. 742, 755, 90 S. Ct.
1463, 1472, 25 L. Ed. 2d 747 (1970).

“[A] double jeopardy claim may be raised
for the first time
on appeal or for the first
time on collateral attack when (1) the undisputed facts show the double jeopardy
violation is clearly apparent
on the face of the record and when (2) the enforcement of the usual rules of
procedural default serves no legitimate state interests.”  Ramirez v. State, 36 S.W.3d 660, 666 (Tex. App.—Waco
2001, pet. ref’d); accord Gonzalez v. State, 8 S.W.3d 640, 643 (Tex. Crim. App.
2000).  The record contains no facts by which a double jeopardy
determination could be made.  Callis could not bring a double jeopardy claim
for the first time on appeal.  Because his guilty plea was premised on a
contrary representation, we agree with Callis and the State that Callis’s
guilty plea was involuntary.  See Kniatt,
206 S.W.3d at 664; see also Brady, 397 U.S. at 755, 90 S. Ct. at
1472; Brasfield
v. State, 18 S.W.3d 232,
233-34 (Tex. Crim. App. 2000) (Brasfield “pleaded
guilty under the mistaken belief that the trial court could authorize his
appeal of the sex offender registration statute;” his plea was involuntary); Collins v. State, 795 S.W.2d 777, 778 (Tex.
App.—Austin 1990, no pet.) (Collins’s plea was involuntary, as “trial counsel and the trial court
erroneously believed that because this was a negotiated plea, Collins could appeal the
denial of his suppression motion despite his plea of ‘no contest’”).  We sustain Callis’s
sole issue.

We reverse the judgment and remand this
cause to the trial court for further proceedings consistent with this opinion.

 

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Reversed and
remanded

Opinion
delivered and filed October 21, 2009

Do not publish

[CR25]