NO. 07-11-00023-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 16, 2013

_____

JUAN DOMINGO HILL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 11,506; HONORABLE DAN MIKE BIRD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant Juan Domingo Hill appeals from his conviction of the offense of assault against a family member and the resulting sentence of sixty years of imprisonment. Through six issues, he challenges the judgment of the trial court. We will affirm.

Background

Appellant was indicted for "intentionally, knowingly or recklessly caus[ing] bodily injury to [D.H.], a member of the defendant's family, member of the defendant's household, or person with whom the defendant has or has had a dating relationship…by striking the said [D.H.] on or about her body with defendant's hand, and before the

commission of the offense, the defendant had previously been convicted of [a similar offense in Oklahoma]…"[1] The indictment also contained two enhancement paragraphs.[2] Appellant plead not guilty and the case was tried to a jury.

At trial, the victim testified on direct examination appellant hit her on her face and body with his hands. During cross-examination, she testified she had been drinking that night and did not remember the assault or who hurt her and had filed an affidavit of non-prosecution. The affidavit was introduced into evidence. A police officer testified he responded to a domestic disturbance call at D.H. and appellant's residence. He testified D.H. had a "laceration above her eye. Her face was swollen, bruised, her eyes almost swollen. I believe her pinky finger was cut almost to the bone. You could almost see the bone. Her right knee had blood and an open wound on it." He testified he took photographs of D.H. and the location of the assault. The photographs were admitted over appellant's objection.

A friend of D.H.'s, Monte, testified D.H. came to his home that night and at first he "couldn't recognize her because she had blood all over her." Someone knocked on the door and, thinking it was the police, Monte opened it. Appellant came into the house "and started beating on her again…he had her on the couch beating on her with his fists…" for ten to fifteen minutes. He testified appellant hit D.H. like "a man beating another man."

---

[1] Tex. Penal Code Ann. § 22.01(a), (b)(2), (f)(2) (West 2011).

[2] Appellant plead "not true" to each of the enhancements. After hearing punishment evidence, the jury found each enhancement true.

Analysis

Sufficiency of the Evidence

In appellant's first point of error, he challenges the sufficiency of the evidence to support his conviction. He argues that because D.H. testified she did not remember the events of the assault or who hit her, a rational trier of fact could not have found appellant intentionally, knowingly or recklessly struck D.H. with his hand.

A legal sufficiency challenge requires us to determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 902-03, 912 (Tex.Crim.App. 2010); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex.Crim.App. 2000). Under the *Jackson* standard, the reviewing court must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007) (*quoting Jackson***,** 443 U.S. at 318-19).

The testimony and photographs provided evidence of each element of the offense. D.H. and Monte both testified appellant hit D.H. with his hands and fists on her body, causing injury. The officer testified to the injuries and the jury saw photographs of each injury. D.H. testified she and appellant were dating and living together. Viewing the evidence in the light most favorable to the verdict, the jury could have found appellant and D.H. were dating, appellant struck D.H. with his hand, causing bodily

injury, and that he did so intentionally, knowingly or recklessly. The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony, and it is the exclusive province of the jury to reconcile conflicts in the evidence. *Mosley v. State,* 983 S.W.2d 249, 254 (Tex.Crim.App. 1998). We overrule appellant's first point of error.

Admission of Counselor's Testimony

In appellant's second point of error, he contends the trial court abused its discretion in allowing testimony, admitted over his objection, concerning the general behavior of victims of abuse.

We review a trial court's decision to admit or exclude expert testimony for an abuse of discretion. *Ellison v. State,* 201 S.W.3d 714, 723 (Tex.Crim.App. 2006); *Dixon v. State,* 244 S.W.3d 472, 478 (Tex.App.—Houston [14th Dist.] 2007, pet. ref'd). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Casey v. State,* 215 S.W.3d 870, 879 (Tex.Crim.App. 2007); *Montgomery v. State,* 810 S.W.2d 372, 389-90 (Tex.Cim.App. 1991) (op. on reh'g).

Rule of Evidence 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." Tex. R. Evid. 702. Pursuant to Rule 702, the trial court, before admitting expert testimony, must be satisfied that three conditions are met: (1) that the witness qualifies as an expert by reason of her knowledge, skill, experience, training, or education; (2) that the subject

4

matter of the testimony is appropriate for expert testimony; and (3) that admitting the expert testimony will actually assist the fact finder in deciding the case. *Alvarado v. State,* 912 S.W.2d 199, 215-16 (Tex.Crim.App. 1995). The proponent of the expert testimony bears the burden of proving the expert's qualifications. *Perez v. State,* 113 S.W.3d 819, 832 (Tex.App.--Austin 2003, pet. ref'd).

After D.H.'s testimony, the State called a licensed counselor to testify about the behavior of victims of domestic abuse and the frequency with which victims request dismissal of criminal charges. The counselor testified to the cycle of domestic violence recognized by counseling professionals, telling the jury it is common for victims to stay in relationships with their abuser and "not uncommon" that victims file affidavits of non-prosecution. At trial, appellant argued this testimony would not aid the jury in resolving an issue of fact in the case and should not be admitted. He makes the same argument on appeal.

As noted, D.H. testified in an inconsistent fashion, telling the jury both that appellant hit her and that she did not remember who hurt her. She testified she filed an affidavit of non-prosecution. We agree with the trial court's comment in his rulings on appellant's objections that D.H.'s testimony and her filing of the affidavit placed her behavior at issue in a manner analogous to that in *Dixon.* 244 S.W.3d at 479-80 (expert testimony admitted to help jury understand evidence victim continued to live with defendant after assault). The trial court's conclusion the counselor's testimony would aid the jury in understanding D.H.'s actions and resolving the contradictions in her trial testimony is within the zone of reasonable disagreement. *Casey,* 215 S.W.3d at 879;

5

*Dixon,* 244 S.W.3d at 480. *See also Brewer v. State,* 370 S.W.3d 471, 474 (Tex.App.—Amarillo 2012, no pet.) (finding testimony concerning "cycle of violence" assisted jury in understanding victim's delay in calling police after assault).

We resolve appellant's second issue against him.

Admission of Photographs

In appellant's third point of error, he argues the trial court erred in admitting photographs of D.H.'s injuries because, he says, they were more prejudicial than probative.

The admissibility of a photograph is within the sound discretion of the trial court. *Gallo v. State*, 239 S.W.3d 757, 762 (Tex.Crim.App. 2007), *citing Williams v. State*, 958 S.W.2d 186, 195 (Tex.Crim.App. 1997). Generally, a photograph is admissible if verbal testimony as to matters depicted in the photograph is admissible. *Gallo*, 239 S.W.3d at 762, *citing Long v. State*, 823 S.W.2d 259, 271-72 (Tex.Crim.App. 1991). In other words, if verbal testimony is relevant, photographs of the same also are relevant. *Gallo*, 239 S.W.3d at 762; *see* Tex. R. Evid. 401 (defining relevant evidence).

Under Rule 403, otherwise relevant evidence is excluded when its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Gallo*, 239 S.W.3d at 762, *citing Williams*, 958 S.W.2d at 196.

A court may consider several factors in determining whether the probative value of photographs is substantially outweighed by the danger of unfair prejudice. *Id.* These factors include, but are not limited to: (1) the number of exhibits offered; (2) their gruesomeness; (3) their detail; (4) their size; (5) whether they are black and white or color; (6) whether they are close-up; and (7) whether the body is depicted naked or clothed. *Id.* The availability of other means of proof and the circumstances unique to each individual case must also be considered.[3] *Id.* After independently evaluating all of these factors, we will reverse a trial court's admission of photographic evidence only when the probative value of the evidence is small and its inflammatory potential is great. *Ramirez v. State*, 815 S.W.2d 636, 647 (Tex.Crim.App. 1991). *See also Castilleja v. State*, No. 07-06-0062-CR, 2007 Tex.App. LEXIS 5974 (Tex.App.--Amarillo July 24, 2007, pet. stricken) (mem. op., not designated for publication).

The photographs admitted here were pictures of the locations at which the assaults took place and pictures of D.H.'s injuries. A Vernon police officer testified he observed the injuries to D.H. and he described them at trial. He told the jury he took the photographs. None of the photographs are gruesome, D.H. is clothed in each photograph in which she appears, and none are cumulative. On our review of the record, we find the trial court did not abuse its discretion in admitting the photographs. *See Ramirez v. State*, No. AP-75167, 2007 Tex.Crim.App. Unpub. LEXIS 610 (not

---

[3] Courts have also held that under Rule 403, the trial court must evaluate: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Casey v. State,* 215 S.W.3d 870, 879-80 (Tex.Crim.App. 2007); *Erazo v. State,* 144 S.W.3d 487, 489 (Tex.Crim.App. 2004).

published) (finding no abuse of discretion in ruling photographs were not duplicative and their probative value not outweighed by prejudicial effect where they showed body from different angles and views). Photographs that depict the nature, location, and extent of a wound have been found sufficiently probative to outweigh prejudicial effect. *Montgomery v. State*, 198 S.W.3d 67, 77-78 (Tex.App.--Fort Worth 2006, pet. ref'd). We overrule appellant's third point of error.

Oklahoma Conviction

In appellant's fourth point of error, he asserts the trial court abused its discretion when it denied his motion for a directed verdict because there was no evidence that the alleged offense in Oklahoma was substantially similar to any of the assault offenses in Texas. A challenge to a trial court's denial of a motion for directed verdict is a challenge to the legal sufficiency of the evidence. *Canales v. State,* 98 S.W.3d 690, 693 (Tex.Crim.App. 2003).

At trial, the State offered a certified copy of the information and judgment and sentence to prove appellant's 2005 conviction for "Domestic Abuse—Assault & Battery" in Oklahoma. The information detailed the allegations against appellant. The documents also included the Oklahoma statute number for the offense of which appellant was convicted.

Under the Texas Penal Code, a prior conviction for a family violence assault offense committed in another state can be used as an enhancement if it is shown to have elements that are "substantially similar" to the elements required for a family violence assault conviction in Texas. Tex. Penal Code Ann. § 22.01(f)(2) (West 2011).

8

An analogous analysis is found in cases interpreting the "substantially similar" language in relation to enhancements in certain sexual offenses. For example, in *Ex parte White,* 211 S.W.3d 316, 318 (Tex.Crim.App. 2007), the Court of Criminal Appeals found the elements of Delaware's crime of "unlawful sexual contact" were substantially similar to the elements of the Texas offense of "indecency with a child," despite differences in the two offenses. In *Prudholm v. State,* 333 S.W.3d 590, 592 (Tex.Crim.App. 2011), the court found "the elements being compared … must display a high degree of likeness, but may be less than identical." *See also Ex parte Warren,* No. AP-76,435, 2011 Tex.Crim.App. LEXIS 1322, at *18-19 (Tex.Crim.App. 2011) (mem. op.) (citing *Prudholm* and engaging in similar analysis). We must consider whether the elements are substantially similar with respect to (1) the individual or public interests protected and (2) the impact of the elements on the seriousness of the offenses. *Pallm v. State,* No. 12-10-00329-CR, 2011 Tex.App. LEXIS 9402, at *16-18 (Tex.App.—Tyler Nov. 30, 2011, no pet.) (mem. op., not designated for publication).

Here, the Oklahoma "domestic abuse" offense[4] required the state to prove appellant had committed an assault and battery on a person with whom he had a family or dating relationship. 21 Okla. Stat. § 644 (2011). Assault in Oklahoma contains the following elements: (1) a willful and unlawful attempt or offer, (2) with force or violence to do, (3) corporal hurt to the victim. 21 Okla. Stat. § 641 (2011). Battery requires proof of (1) willful and unlawful, (2) use of force or violence, (3) upon the person of another.

---

[4] The Oklahoma statute is not in the appellate record. On our own motion, we take judicial notice of Oklahoma statutory law pursuant to Rule 202 of the Rules of Evidence. Tex. R. Evid. 202; *Davis v. State,* 227 S.W.3d 766, 769-770 (Tex.App.—Tyler 2005), *aff'd* 227 S.W.3d 733 (Tex.Crim.App. 2007).

21 Okla. Stat. § 642 (2011). To enhance a family violence assault offense in Texas, the State must show appellant has been previously convicted of (1) intentionally, knowingly, or recklessly, (2) causing bodily injury, (3) to a victim with whom the defendant had a dating or family relationship. Tex. Penal Code Ann. § 22.01(b)(2) (West 2011).

Both statutes require a showing of a family or dating relationship between the defendant and the victim; both require a culpable mental state that is more than negligence; and both require bodily harm to the victim. The Oklahoma and Texas offenses carry nearly identical punishments: imprisonment in county jail for not more than one year and a fine not exceeding $5000 in Oklahoma and imprisonment in jail for a term not to exceed one year and a fine not to exceed $4000 in Texas. 21 Okla. Stat. § 644(C) (2011); Tex. Penal Code Ann. § 12.21 (West 2011). The individual and public interests served by each statute are identical. Both statutes serve to protect individuals in dating or family relationships from violence by another person in the relationship. *Prudholm,* 333 S.W.3d at 595.

By its ruling on appellant's motion for a directed verdict, the trial court implicitly determined that the Oklahoma and Texas offenses contain substantially similar elements, within the terms of Penal Code § 22.01(f)(2). Agreeing with that determination, we find the trial court did not err in denying appellant's motion, and overrule appellant's fourth point of error.

Admission of Detective's Statement

In appellant's fifth point of error, he argues the trial court erred in its ruling on his objection to testimony from a detective. The following exchange took place at trial:

Prosecutor: Detective Owen, at any point in your interview with [D.H.], did she tell you that she didn't remember what had happened that night?

Detective: No, sir.

Prosecutor: Did she ever tell you that anyone else was the person that had caused those injuries to her?

Detective: No, sir.

Appellant objected on the basis of hearsay. The trial court overruled the objection. We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *Apolinar v. State*, 155 S. W.3d 184, 186 (Tex.Crim.App. 2005). We will not disturb the trial court's judgment unless it falls outside the zone of reasonable disagreement. *Id.* at 186. Under the abuse of discretion standard, we affirm the trial court's ruling under any applicable theory of law. *Bowley v. State,* 310 S.W.3d 431, 434 (Tex.Crim.App. 2010). Hearsay is a statement, other than one made by the declarant while testifying at trial or a hearing, that is offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Hearsay statements are generally inadmissible unless the statement falls within a recognized exception to the hearsay rule. Tex. R. Evid. 802; *Walters v. State*, 247 S.W.3d 204, 217 (Tex.Crim.App. 2007).

The objected-to questioning related to D.H.'s identification of appellant as her assailant in her conversation with the detective several hours after the attack. The trial court reasonably could have considered the testimony admissible under Rule of Evidence 801(e)(1)(C). D.H. testified at trial and was subject to cross-examination

11

concerning her statement to the detective. *See* Tex. R. Evid. 801(e)(1)(C) (providing prior statement by witness admitted under such circumstances not hearsay if it is one of identification of a person made after perceiving him); *Rodriguez v. State*, 975 S.W.2d 667, 682 (Tex.App.—Texarkana 1998, no pet.) (applying rule); 2 S. Goode, O. Wellborn, M. Sharlot, Texas Practice Series: Guide to Texas Rules of Evidence § 801.5 (3rd ed. 2002).

The trial court did not abuse its discretion in overruling appellant's hearsay objection. We resolve appellant's fifth point of error against him.

Jury Instruction

In appellant's last point of error, he contends the trial court erred when it denied his proposed jury charge to submit the issue whether the elements of the Texas and Oklahoma assault statues were "substantially similar" such that his Oklahoma conviction could be considered for enhancement purposes.

As the State points out, the determination whether the elements of two offenses are substantially similar is a legal question and rests solely with the trial court. *Rodriquez v. State,* 227 S.W.3d 842, 845 (Tex.App.—Amarillo 2007, no pet.); *see Hardy v. State,* 187 S.W.3d 232, 236 (Tex.App.--Texarkana 2006, pet. ref'd) (court compared two statutes to determine their similarity after noting that the interpretation of a statute is a question of law); *accord, Ex parte White*, 211 S.W.3d at 318 (Court of Criminal Appeals determined whether two statutes were substantially similar).

Because this is a question of law, the matter was not to be submitted to the jury for resolution. *Rodriguez,* 227 S.W.3d at 845. The trial court did not err in refusing to submit appellant's proposed charge. We overrule appellant's final point of error.

Conclusion

Having resolved each of appellant's points of error against him, we affirm the judgment of the trial court.


James T. Campbell
Justice


Publish.