

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00424-CR

**THOMAS HENRY SINCLAIR,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 13th District Court
Navarro County, Texas
Trial Court No. 33805-CR**

## MEMORANDUM  OPINION

The jury convicted Thomas Henry Sinclair of the offense of assault and assessed his punishment at one year confinement in the county jail and a $4,000 fine.  We affirm.

### Sufficiency of Evidence

In his first and second issues, Sinclair argues that the evidence is insufficient to support his conviction for assault and that the evidence is insufficient to support the jury's rejection of self-defense and defense of a third person.  The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Sinclair operates Wispers nightclub, and Fernando Ramirez went there one evening with two friends. The evidence shows that Ramirez had been drinking for several hours prior to arriving at Wispers. Ramirez paid for private dances at the nightclub, and he went with a dancer to the VIP room. The dancer testified that Ramirez requested her to perform sex acts, which she refused, and she left the VIP room. Ramirez went to Sinclair requesting a refund, but Sinclair refused to give the refund.

Sinclair testified that Ramirez took a swing at him and threw things at him. Sinclair thought there might be trouble so he retrieved his sjambok, a whip. Sinclair then went toward the reception area. Sinclair testified that Ramirez came through the doors and ran into him. Sinclair then hit Ramirez with the sjambok. Sinclair stated that Ramirez came at him a second time. Jeff Ballew, the DJ at Wispers, then came and yanked Ramirez by the collar backwards to the ground. Sinclair testified that Ramirez's head hit the ground hard when he landed.

Some patrons of the nightclub dragged Ramirez out of the nightclub and into the parking lot by his feet. The evidence was contradicting on whether Ramirez was conscious at that time. Ramirez's friend, Gregorio Aguilar, testified that he loaded Ramirez into the backseat of a pickup. Aguilar and the other friend left the nightclub with Ramirez and called 911. They stopped at a rest area, and an ambulance and sheriff deputy arrived. Ramirez was taken to a local hospital where he was pronounced dead. The medical examiner testified that Ramirez died from blunt force head injuries.

Ramirez had an "abrasive contusion" on the back of his head consistent with his head hitting a hard, rough surface.

A person commits the offense of assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. 22.01 (a) (West Supp. 2013). Sinclair admitted to striking Ramirez with the sjambok. The testimony from the medical examiner shows that Ramirez had an injury to his chest consistent with being struck with a sjambok. The evidence is sufficient to support Sinclair's conviction for assault.

After the defendant has introduced some evidence supporting a defense under section 2.03 of the Penal Code, the State bears the burden of persuasion to disprove it. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). The burden of persuasion does not require the production of evidence, but rather it requires the State to prove its case beyond a reasonable doubt. *Zuliani v. State*, 97 S.W.3d at 594. When a jury finds the defendant guilty, there is an implicit finding against the defensive theory. *Id*.

A person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force. TEX. PENAL CODE ANN. § 9.31 (a) (West 2011). The use of force against another is not justified in response to verbal provocation alone. TEX. PENAL CODE ANN. § 9.31 (b) (1) (West 2011).

A person is justified in using force or deadly force against another to protect a third person if:

(1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and
(2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.

TEX. PENAL CODE ANN. § 9.33 (West 2011).

Sinclair testified that he was in fear of the use of unlawful force against him and the patrons of the nightclub by Ramirez. The jury heard evidence from several witnesses about the confrontation between Sinclair and Ramirez and viewed security video of the initial confrontation. There was disputed evidence on whether Ramirez struck Sinclair and on whether Ramirez was attempting to leave the bar at the time of the assault. The jury is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d at 461.

The evidence is sufficient to support the jury's rejection of self-defense and the defense of third persons. We overrule the first and second issues.

### Extraneous Offense

In the third, fourth, and fifth issues, Sinclair argues that the trial court erred in admitting evidence of an extraneous offense. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald v. State,* 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State,* 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

We will affirm the decision of the trial court if there is any valid ground upon which the decision could have been made. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

At trial, Jeff Ballew testified that Sinclair had used the sjambok on another patron of the nightclub on a previous occasion. Ballew stated that Sinclair struck the man with the sjambok and that Ballew intervened and broke up the altercation. Sinclair testified at trial and denied striking a previous patron with the sjambok. Sinclair stated that on that occasion, he retrieved the sjambok and used it as a warning to the patron.

Sinclair first argues that the State's notice of the extraneous offense was untimely. Sinclair filed a request for notice of extraneous offenses on November 16, 2009, and the trial court granted the request on January 14, 2010. At a pretrial hearing on September 2, 2011, the State indicated that they did not intend to offer any extraneous offenses or bad acts at trial. On October 17, 2011, the first day of voir dire, the State filed written notice of intent to introduce evidence of extraneous offenses and acts. The notice stated that the State intended to introduce evidence that Sinclair "has, on occasions other than the charged offense, assaulted people with a whip at the Wispers Cabaret in Navarro County Texas."

Prior to Ballew's testimony on October 21, 2011, the trial court held a hearing outside the presence of the jury. Sinclair argued that the evidence was untimely and highly prejudicial. The State indicated that Ballew had informed them of the act on the morning of voir dire and that they provided notice at that time. Sinclair did not request a continuance. Ballew's testimony was admitted several days after the State provided

notice. Sinclair testified at trial and denied committing the act, and he produced a photograph from the security camera concerning the prior act. The trial court did not abuse its discretion in allowing Ballew's testimony.

Sinclair next argues that the evidence was inadmissible under Rule 404(b) of the Texas Rules of Evidence and that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice under Rule 403 of the Texas Rules of Evidence.

Rule 404(b) provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ballew's testimony about the previous altercation showed that Sinclair retrieved the sjambok to assist him in removing a patron from the club and that he struck the man with the sjambok. We find that the evidence is admissible to show Sinclair's intent in retrieving the sjambok on the night of the altercation with Ramirez. The trial court instructed the jury that the evidence was admitted only for the purpose of assisting the jury and for showing Sinclair's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, if any." The trial court further instructed the jury not to consider the testimony unless it found that Sinclair committed the act beyond a reasonable doubt.

Rule 403 provides that even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. A Rule 403 analysis should include, but is not limited to, considering the probative value of the evidence; the potential of the evidence to impress the jury in some irrational, indelible way or to suggest a decision on an improper basis; the time the proponent needs to develop the evidence; and the proponent's need for the evidence. *Reese v. State*, 33 S.W.3d 238, 240-41 (Tex. Crim. App. 2000).

Ballew's testimony about the prior altercation was short and explained Ballew's response to Sinclair's altercation with Ramirez. Sinclair testified and denied striking the man with the sjambok on the previous occasion. The testimony did not suggest a decision on an improper basis. Sinclair admitted to striking Ramirez with the sjambok. The probative value was not substantially outweighed by the danger of unfair prejudice.

We find that the trial court did not abuse its discretion in admitting Ballew's testimony. We overrule the third, fourth, and fifth issues.

**Admission of Photographs**

In the sixth issue, Sinclair contends that the trial court erred in admitting photographs of Ramirez prior to his death. The State introduced a photograph of Ramirez with his family and a photograph of Ramirez with his co-workers. Sinclair objected that the photographs were improper victim impact evidence and that they were not relevant during the guilt/innocent phase of the trial.

The admissibility of a photograph is within the sound discretion of the trial court. *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007), *citing Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997); *Hill v. State*, 392 S.W.3d 850, 856 (Tex.App. – Amarillo 2013, pet. ref'd). Generally, a photograph is admissible if verbal testimony as to matters depicted in the photograph is admissible. *Gallo v. State*, 239 S.W.3d at 762; *Hill v. State*, 392 S.W.3d at 856. If verbal testimony is relevant, photographs of the same also are relevant. *Gallo v. State*, 239 S.W.3d at 762; *Hill v. State*, 392 S.W.3d at 856; *see* Tex.R. Evid. 401 (defining relevant evidence).

The State introduced the photographs during the testimony of Ramirez's wife. The State used the photographs for Ramirez's wife to identify Ramirez. The State did not ask Ramirez's wife any questions about the photographs other than for her to identify who was pictured in the photograph. The trial court did not abuse its discretion in admitting the photographs. Moreover, any error in admitting the photographs did not affect Sinclair's substantial rights. TEX.R.APP.P. 44.2 (b). We overrule the sixth issue.

**Jury Charge**

In the seventh issue, Sinclair argues that the trial court erred in charging the jury. Appellate review of alleged jury-charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, the court must determine whether error actually exists in the charge. If error is found, the court must then evaluate whether sufficient harm resulted from the error to require reversal. *Id*. at 731-32. If an error was properly preserved by objection, reversal will be necessary if the

error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning appellant did not receive a fair and impartial trial. *Id.* To obtain reversal for jury-charge error, appellant must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Sinclair specifically argues that the trial court erred in instructing the jury on the law of parties. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. TEX. PENAL CODE ANN. § 7.01 (a) (West 2011). A person is criminally responsible for an offense committed by the conduct of another if:

> (1) acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense;
> (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or
> (3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense.

TEX. PENAL CODE ANN. § 7.02 (a) (West 2011).

Ballew was also under indictment for charges relating to the death of Ramirez. In exchange for his testimony at trial, Ballew entered into a plea agreement with the State. Ballew testified at trial that he worked as a DJ at Wispers and that he was not "officially" responsible for security. On the night of the offense, Sinclair did not ask

Ballew for assistance, but Ballew pulled Ramirez to the ground by the collar of his shirt causing Ramirez to strike the back of his head on the ground. There was testimony that Sinclair asked patrons of the nightclub to get Ramirez out of the nightclub, and that they drug him across the pavement by his feet. Ramirez died from blunt force trauma to the back of his head.

Assuming without deciding that it was error for the trial court to include an instruction on the law of parties in the charge, we find that any error was harmless. The jury convicted Sinclair for the offense of assault. Sinclair testified that he struck Ramirez with the sjambok and the medical testimony supported a finding that Ramirez was injured by being struck with the sjambok. Because the evidence supports Sinclair's conviction as the principal actor, he did not suffer harm from the trial court's error, if any. We overrule the seventh issue.

In the eighth issue, Sinclair complains that the trial court erred in instructing the jury on the culpable mental states of "nature of conduct" and "circumstances surrounding conduct" because he was convicted of assault, which is a "result of conduct" offense. Sinclair was indicted on three felony offenses: manslaughter, aggravated assault causing serious bodily injury, and aggravated assault with a deadly weapon. The charge defined the culpable mental states in the abstract portion of the charge as set out in TEX. PENAL CODE ANN. § 6.03 (a) (b) (c) (West 2011). Sinclair argues that the charge should have limited the definitions to consider only the result of his conduct.

The application paragraph of the charge instructed the jury to find Sinclair guilty of the lesser-included offense of assault if they found from the evidence beyond a reasonable doubt that he "intentionally, knowingly, or recklessly [caused] bodily injury to [Ramirez] by striking [Ramirez] with a club-type instrument …"    We conclude that because the facts, as applied to the law in the application paragraph, pointed the jury to the appropriate portion of the definitions, no harm resulted from the court's failure to limit the definitions of culpable mental states to proving the conduct element of the underlying offense.  *Patrick v. State*, 906 S.W.2d 481, 493 (Tex. Crim. App. 1995); *Hughes v. State*, 897 S.W.2d 285, 296-297 (Tex. Crim. App. 1994).  We overrule the eighth issue.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed April 24, 2014
Do not publish
[CR 25]