Jason BRASFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 06-98-00311-CR.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 24, 2000.

Decided Aug. 25, 2000.

Robert P. Abbott, Coppell, for appellant.

Kim Schaefer, Asst. Dist. Atty., Kerry P. Fitzgerald, Asst. Dist. Atty.-Appellate Section, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Jason Brasfield appeals from an order placing him on deferred adjudication for the offense of sexual assault of a child. The limited record before this Court reflects that Brasfield, at his eighteenth birthday party, engaged in consensual sexual activity with a fourteen-year-old girl. Brasfield entered a guilty plea without an agreed recommendation as to punishment. He was questioned by the trial judge about the documents which he had signed reflecting his intention to plead guilty and to give up his rights as listed in those documents. Brasfield also discussed with the trial judge the application of the sex offender registration statute to his case. The trial judge acknowledged that the issue had been raised before accepting the guilty plea and gave Brasfield explicit permission to appeal from his ruling requiring him to register as a sex offender under the registration statute.

In our original opinion, we applied the *Helms* rule, which states that, generally, a guilty plea entered without a plea agreement waives all nonjurisdictional defects that have occurred before the entry of the plea. *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim.App.1972). Recognizing that the waiver rule was predicated on a knowing and voluntary plea of guilty, we concluded that when a guilty plea is entered without a plea agreement, as here, on the mistaken understanding that the merits of a pretrial motion may be raised on appeal, the plea is not entered knowingly and vol-

untarily.[1]

We stated in our opinion that Brasfield's plea was conditioned on the incorrect assumption which is apparent from the discussion between counsel and the trial court that Brasfield could appeal the requirement that he register as a sex offender. Therefore, the plea was involuntary.[2] We reversed and remanded the case for a new trial. *Brasfield v. State,* 998 S.W.2d 406, 407 (Tex.App.-Texarkana 1999), *rev'd,* 18 S.W.3d 232 (Tex.Crim.App. 2000).

The *Helms* rule has since been largely abrogated by the Texas Court of Criminal Appeals. *See Young v. State,* 8 S.W.3d 656, 666–67 (Tex.Crim.App.2000). Under the present formulation, a valid plea of guilty waives or forfeits the right to appeal a claimed error only when the judgment of guilt was rendered independent of, and is not supported by, the error. *Id.; Brasfield,* 18 S.W.3d at 233. The Texas Court of Criminal Appeals evidently concluded that under this new construction of the *Helms* rule, Brasfield's plea of guilty was not involuntary and directed this Court to consider the remaining two points of error.

In one such point, Brasfield contends that the trial court erred by overruling his challenge to the constitutionality of the sex offender registration law. As pointed out by the State, we cannot determine from the record the precise terms of Brasfield's objection to the statute. It is clear from the court's statements that Brasfield had raised an objection to the sex offender registration requirement, and it is also clear that the court had found the objection to be without merit. The State argues that because counsel did not specify the particular portion of the statute that

he believed was invalid, the matter has been procedurally defaulted. We disagree. As long as the trial court and this Court can understand the objection and its intent, the error is preserved for review. *See Anderson v. State,* 817 S.W.2d 69, 71 n. 4 (Tex.Crim.App.1991).

There is also a question, however, about the nature of the contention being raised. The record shows only that Brasfield raised an objection to the sex offender registration law. Based on Brasfield's testimony, we can conclude that he was specifically asking the judge to permit him to appeal the constitutionality of the statute. The record in no respect, however, sets out the type of constitutional claim raised below. We are aware of two different constitutional complaints that have been raised concerning this statute. In *In re M.A.H.,* 20 S.W.3d 860 (Tex.App.-Fort Worth 2000, no pet. h.), the Fort Worth Court of Appeals addressed the same due process argument raised in the present appeal and concluded that the statute passed constitutional muster.

In *In re B.G.M.,* 929 S.W.2d 604, 606–07 (Tex.App.-Texarkana 1996, no writ), we reviewed a different type of due process argument and held that a trial judge was not required to admonish a defendant about the requirements of the sexual offender registration program because it was remedial rather than punitive in nature. We concluded that the requirement to register as a sex offender was not a direct consequence of a plea of guilty to the offense of sexual assault; thus, a lack of knowledge about the requirement did not render a plea of guilty involuntary. *Accord Ruffin v. State,* 3 S.W.3d 140, 145 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd).[3] The nature of the complaint raised below is not apparent.

---

1. *See Shallhorn v. State,* 732 S.W.2d 636, 638–39 (Tex.Crim.App.1987); *Christal v. State,* 692 S.W.2d 656, 659 (Tex.Crim.App. [Panel Op.] 1981) (opinion on reh'g).

2. A defendant may always challenge the voluntariness of a guilty plea on appeal. *Flowers*

*v. State,* 935 S.W.2d 131, 134 (Tex.Crim.App. 1996); *see Sankey v. State,* 3 S.W.3d 43, 44 (Tex.Crim.App.1999).

3. Since those opinions were released, the Legislature has added a new provision to the Texas Code of Criminal Procedure. In Tex.

Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review. TEX.R.APP. P. 33.1(a); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex.Crim.App.1999). In this situation, we conclude that the claimed constitutional error was not adequately preserved for review on appeal. The contention of error is overruled.

 Brasfield's other contention is that if the claim of error was inadequately preserved for appellate review, then he received ineffective assistance of counsel at trial. The two-pronged test of *Strickland* applies to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203, 210 (1985); *Ex parte Pool*, 738 S.W.2d 285, 286 (Tex.Crim.App.1987). The voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases, and if not, (2) whether there is a reasonable probability that, but for counsel's errors, appellant would not have entered his plea and would have insisted on going to trial. *Hill*, 474 U.S. at 59, 106 S.Ct. 366; *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex.Crim.App.1997).

Both trial counsel and the trial judge believed that because of the pretrial nature of the constitutionality question, and because the trial judge explicitly granted permission to raise the issue on appeal, it could be raised on appeal. We have now held that because of the inspecific nature of the claim raised at trial, the claim of error was not preserved for appellate review. We conclude that counsel's advice was not within the range of competence required under *Strickland*.

The further question, however, is whether but for that error Brasfield would not have pled guilty and would have insisted on going to trial. We cannot answer that question. The record before this Court makes it clear that Brasfield pled guilty

with the understanding that he could appeal the constitutionality of the statute. There is nothing in the record to show, however, that but for counsel's errors in failing to preserve error and by allowing Brasfield to believe that he could appeal the constitutionality of the statute, Brasfield would not have entered the plea and would instead have demanded a trial. In the absence of such evidence, the second prong of the *Strickland* review has not been met. The contention of error is overruled.

The judgment is affirmed.

CODE CRIM. PROC. ANN. art. 26.13(a)(5) (Vernon Supp.2000), the statute now explicitly requires a trial judge to admonish a defendant before he enters a guilty plea that he will be required to meet the registration requirements of the sex offender provision under TEX CODE CRIM. PROC. ANN. art. 62.01, et seq. (Vernon Supp.2000).