ACCEPTED
06-14-00168-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/18/2015 3:32:19 PM
DEBBIE AUTREY
CLERK

No. 06-14-00168-CR
Trial Court No. 11F0921-102

IN THE COURT OF APPEALS
FOR THE SIXTH SUPREME JUDICIAL DISTRICT
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/18/2015 3:32:19 PM
DEBBIE AUTREY
Clerk

**Lyndon Anderson,** *Appellant*

**v.**

**The State of Texas,** *State*

Appealed from the 102nd Judicial District Court
Bowie County, Texas



BRIEF FOR THE STATE
The State Does Not Request Oral Argument

**Respectfully submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501

By: **Lauren N. Sutton**
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Texas Bar No. 24079421
Lauren.sutton@txkusa.org
**Attorneys for the State**

| | | | |
|---|---|---|---|
| Lyndon Anderson, | § | | |
| *Appellant* | § | | |
| | § | No. 06-14-00168-CR | |
| v. | § | | |
| | § | | |
| The State of Texas, | § | BRIEF FOR THE STATE | |
| *State* | § | | |
| | § | | |

## Identity of the Parties

The following is a complete list of all the parties to the trial court's judgment as required by the provisions of Rule 38.2(a) of the Texas Rules of Appellate Procedure:

1. Defendant and Appellant:

   **Lyndon Anderson**

2. Attorneys for Appellant at trial:

   **Will Williams
   Chad Crowl
   Public Defender's Office**
   424 W. Broad Street
   Texarkana, Texas 75501

3. Attorney for appellant on appeal:

   **Kristian Young**
   210 N. Stateline Ave, Suite 502
   Texarkana, AR 78705

4. Attorney for the State of Texas at trial:

   **James Elliott**
   **Kelley Crisp**
   Assistant District Attorneys
   601 Main Street
   Texarkana, Texas 75501

5. Attorney for the State of Texas on Appeal:

   **Lauren N. Sutton**
   Assistant District Attorney
   601 Main Street
   Texarkana, Texas 75501
   Lauren.sutton@txkusa.org

6. Presiding Judge at trial:

   **Honorable Bobby Lockhart**
   District Court Judge
   102nd Judicial District
   Bowie County, Texas
   Bi-State Justice Building
   100 North State Line Avenue
   Texarkana, Texas 75501

# Table of Contents

Identity of the Parties and Counsel ...................................................................i-ii

Table of Contents ............................................................................................ iii

Index of Authorities ...................................................................................iv-viii

Statement of the Case......................................................................................1

Reply to Points of Error ..................................................................................2

Summary of the Argument................................................................... 3-6

Argument.......................................................................................... 7-41

Reply to Point of Error Number One ............................................. 7-12
Photographs admitted into evidence were properly
authenticated; therefore it was not error for the trial court to
admit the photographs into evidence.

Reply to Point of Error Number Two ......................................... 13-17
Testimony by Officer Bradshaw did not introduce any evidence
of prior bad acts or extraneous offenses; therefore the trial court
did not err in admitting the testimony.

Reply to Point of Error Number Three ......................................... 17-20
The evidence is sufficient to support Appellant's conviction for
aggravated robbery.

Prayer for Relief..........................................................................................42

Certificate of Compliance .............................................................................43

Certificate of Service ...................................................................................44

# Index of Authorities

## **Cases**

*Brasfield v. State*, 30 S.W.3d 502 (Tex. App. –Texarkana 2000) ...........................16

*Clayton v. State*, 235 S.W.3d 772 (Tex. Crim. App. 2007)....................................22

*Ethington v. State*, 819 S.W.2d 854 (Tex. Crim. App. 1991)..................................17

*Gallo v. State*, 239 S.W3d 757 (Tex. Crim. App. 2007) .........................................11

*Goff v. State*, 931 S.W.2d 537 (Tex. Crim. App. 1996) ..........................................16

*Harris v. State*, 152 S.W.3d 786 (Tex. App.—Houston [1st Dist.] 2004) ..............20

*Harwood v. State*, 961 S.W.2d 531 (Tex. App.—San Antonio 1997) ....................20

*Hill v. State*, 392 S.W.3d 850 (Tex. App.—Amarillo 2013)...................................11

*Ibarra v. State*, 11 S.W.3d 189 (Tex. Crim. App. 1999) .........................................16

*Jackson v. Virginia*, 443 U.S. 307 (1979)...............................................................22

*Johnson v. Garza*, 884 S.W.2d 831 (Tex. App.—Austin 1994, writ denied) .........22

*Long v. State*, 10 S.W.3d 389 (Tex. App.—Texarkana 2000)................................17

*Martinez v. State*, 98 S.W.3d 189 (Tex. Crim. App. 2003) ....................................17

*Moore v. State*, 295 S.W.3d 329 (Tex. Crim. App. 2009).......................................16

*Rachal v. State*, 917 S.W.2d 799 (Tex. Crim. App. 1996) ......................................20

*Rogers v. State*, 640 S.W.2d 248 (Tex. Crim. App. 1982) ......................................16

*Sims v. State*, 816 S.W.2d 502 (Tex. App.—Houston [1st Dist.] 1991)..................16

*Tienda v. State*, 358 S.W.3d 633 (Tex. Crim. App. 2012) ......................................16

*Williams v. State*, 535 S.W.2d 637 (Tex. Crim. App. 1976) ....................................20

*Williams v. State*, 958 S.W.2d 186 (Tex. Crim. App. 1997) ....................................16

**Texas Rules of Appellate Procedure**

Texas Rule of Appellate Procedure 33.1(a)............................................................16

Texas Rule of Appellate Procedure 44.2(b)............................................................13

## Statement of the Case

Appellant, Lyndon Anderson, was found guilty of aggravated robbery. The jury assessed punishment at sixty (60) years in the Institutional Division of the Department of Criminal Justice, and a $5,000 fine. The trial judge sentenced him accordingly.

Appellant then perfected appeal to this Honorable Court. He now appeals the verdict of the trial court on three points of error.

# Reply to Points of Error

REPLY TO POINT OF ERROR NUMBER ONE:

Photographs admitted into evidence were properly authenticated; therefore it was not error for the trial court to admit the photographs into evidence.

REPLY TO POINT OF ERROR NUMBER TWO:

Testimony by Officer Bradshaw did not introduce any evidence of prior bad acts or extraneous offenses; therefore the trial court did not err in admitting the testimony.

REPLY TO POINT OF ERROR NUMBER THREE:

The evidence is sufficient to support Appellant's conviction for aggravated robbery.

# Summary of the Argument

Photographs admitted into evidence were properly authenticated; therefore it was not error for the trial court to admit the photographs into evidence.

The State introduced evidence sufficient to support a finding the photos were authentic. The trial court did not err by admitting into evidence the still photographs.

Additionally, Anderson has failed to show that he was harmed in any way by the admission of the photographs. The photographs are cumulative with and are corroborated by other evidence presented at trial. In light of the overwhelming evidence of Appellant's guilt, still photos were not paramount to the State's case. Therefore, this Court can find beyond a reasonable doubt that the photos, if they were constitutional error, did not contribute to Appellant's conviction.

Testimony by Officer Bradshaw did not introduce any evidence of prior bad acts or extraneous offenses; therefore the trial court did not err in admitting the testimony.

Appellant failed to properly preserve this point of error for review. However, Officer Bradshaw's testimony was restricted to his familiarity with the Appellant without mention of how he knew him, which was used to establish a foundation for

8

his identification of the Appellant as the suspect in the video of the robbery. Bradshaw's testimony did not introduce any prior bad acts or extraneous offenses, therefore the trial court properly admitted his testimony.

## REPLY TO POINT OF ERROR NUMBER THREE:

The evidence is sufficient to support Appellant's conviction for aggravated robbery.

Viewing the evidence in a light most favorable to the verdict, this court can find that a rational jury could have found beyond a reasonable doubt that the Appellant committed aggravated robbery. The jury viewed the video and the suspect who committed the robbery and was able to view the Appellant in the courtroom themselves and made the determination the Appellant committed the robbery. This all in spite of the fact the victim picked a different person in the photo lineup. Because there is sufficient evidence that the Appellant was the individual who committed the robbery, Appellant's challenge to the sufficiency of the evidence should be overruled.

# Argument

## Reply to Point of Error One

*Photographs admitted into evidence were properly authenticated; therefore it was not error for the trial court to admit the photographs into evidence.*

In point of error number one, the Appellant argues the trial court erred in admitting still photographs over his objections. Appellant claims the photos were not properly authenticated and therefore should have been excluded. However, there was sufficient testimony and evidence for the trial court to make the determination the photographs were authenticated. Therefore, the trial court did not abuse its discretion in admitting the photographs over Appellant's objections.

### Argument and Authorities

#### A. Standard of Review

The trial court is given wide discretion in evidentiary rulings. Appellate courts review a trial court's exclusion of evidence under an abuse of discretion standard of review. A trial court has not abused its discretion unless it has acted arbitrarily and unreasonably, without reference to any guiding rules or principles. As long as the trial court's ruling remains with the "zone of reasonable disagreement," there is not abuse of discretion and the trial court's ruling will be upheld.

## B. Application of Law to Facts

"The trial court should admit proffered evidence 'upon, or subject to the introduction of evidence sufficient to support a finding of authenticity. The ultimate question whether an item of evidence is what its proponent claims then becomes a question for the fact-finder….The preliminary question for the trial court to decide is simply whether the proponent of the evidence has supplied facts that are sufficient to support a reasonable jury determination that the evidence he has proffered is authentic. Evidence may be authenticated in a number of ways, including by direct testimony from a witness with personal knowledge, by comparison with other authenticated evidence, or by circumstantial evidence."[1]

The admissibility of a photograph is within the sound discretion of the trial court.[2] Generally, a photograph is admissible if verbal testimony as to matters depicted in the photograph is admissible; in other words, if verbal testimony is relevant, photographs of the same also are relevant.[3] In this case, the photographs were still shots of the suspect in the robbery. Verbal testimony as to the description of the suspect actually committing the robbery is certainly admissible; therefore a photograph of the suspect would likewise be admissible.

---

[1] *Tienda v. State*, 358 S.W.3d 633, 638-39 (Tex. Crim. App. 2012).
[2] *Gallo v. State*, 239 S.W3d 757, 762 (Tex. Crim. App. 2007), *citing Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997).
[3] *Hill v. State,* 392 S.W.3d 850, 856 (Tex. App.—Amarillo 2013, pet. ref'd.)

Appellant objected that a proper foundation had not been laid to authenticate the photos and that it would be a violation of the confrontation clause if the person who processed the photos was not present to testify. On appeal, the Appellant appears to only urge the objection to the authentication of the photos. The State will restrict its response to that argument.

At trial, the Appellant stipulated to the introduction of the videotape of the robbery taken by the store's surveillance cameras. (R.R. Vol. 4, p. 28). However, the Appellant chose to object to the still shots from the video. (R.R. Vol. 4, p. 29). After viewing the video and the still shots, the court overruled Appellant's objections. The trial court stated its reason for overruling the objection, "[I]t's obvious these photographs are from the video, and the video has been admitted. I don't think their prejudicial value is going to outweigh their probative value, and I think, as opposed to having to run back and forth and play the video over and over, I think these will be helpful to the jury to identify whoever did do the robbery. So, with that, I'm going to overrule your objection…" (R.R. Vol. 4, p. 36).

The State introduced evidence sufficient to support a finding the photos were authentic. The trial court properly ruled that the photographs would aid the jury in determining the issue of the suspect's identity and any prejudicial effect did not outweigh their probative value. Therefore, it was not an abuse of discretion for the trial court to admit the photographs into evidence.

## C. Harm Analysis

Assuming, arguendo, the trial court erred in admitting into evidence the photographs, such error does not constitute reversible error. Error in the admission of evidence is non-constitutional error governed by Texas Rule of Appellate Procedure 44.2(b). A non-constitutional error must be disregarded unless the defendant's substantial rights are affected. A substantial right is affected under Rule 44.2(b) when the error has a substantial and injurious effect or influence. A criminal conviction should not be reversed for non-constitutional error if the reviewing court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect. From a review of the record, this Court can have fair assurance that the error, if it was error, did not influence the jury or had but a light effect. Therefore, any error in admitting the photographs constitutes harmless error.

The photos were introduced during the testimony of Arkansas State Police Officer Scott Bradshaw. (R.R. Vol. 4, p. 32-36). Officer Bradshaw identified the defendant as Lyndon Anderson and said he had known Mr. Anderson for several years. (R.R. Vol. 4, p. 33). Officer Bradshaw viewed the video of the robbery and identified Lyndon Anderson as the suspect in the video. (R.R. Vol. 4, p. 35). The extent of the testimony relating to the photographs was minimal.

The still photographs were cumulative with the video of the robbery. The photographs depicted the suspect as he was robbing the store, from a variety of angles. Additionally, the photos were corroborated by the video and witness testimony. Taking into account the overwhelming evidence of Appellant's guilt, this Court can find beyond a reasonable doubt that the admission of the photographs into evidence, if it was a constitutional error, did not contribute to Appellant's conviction.

**D. Conclusion**

The State introduced evidence sufficient to support a finding the photos were authentic. The trial court did not err by admitting into evidence the still photographs.

Additionally, Anderson has failed to show that he was harmed in any way by the admission of the photographs. The photographs are cumulative with and are corroborated by other evidence presented at trial. In light of the overwhelming evidence of Appellant's guilt, still photos were not paramount to the State's case. Therefore, this Court can find beyond a reasonable doubt that the photos, if they were constitutional error, did not contribute to Appellant's conviction.

For these reasons, Anderson's first point of error should be overruled.

# Reply to Point of Error Two

*Testimony by Officer Bradshaw did not introduce any evidence of prior bad acts or extraneous offenses; therefore the trial court did not err in admitting the testimony.*

In his second point of error, the Appellant argues that the trial court erred in allowing testimony from Officer Bradshaw. Appellant believes that Officer Bradshaw's testimony about his dealings with the Appellant over several years amounted to the introduction of extraneous offense evidence. However, Bradshaw's testimony was restricted to his familiarity with the Appellant without mention of how he knew him, which was used to establish a foundation for his identification of the Appellant as the suspect in the video of the robbery. Bradshaw's testimony did not introduce any prior bad acts or extraneous offenses, therefore the trial court properly admitted his testimony.

## Argument and Authorities

### A. Preservation of Error

To properly preserve error with regard to evidence for appellate review, a defendant must have made a timely request, objection, or motion, with sufficient specificity to make the trial court aware of the nature of the complaint, and secure

a ruling.[4] As general rule, appellate courts will not consider any error which counsel for the accused could have called, but did not call, to the attention of the trial court at the time when such error could have been avoided or corrected by the trial court.[5] Furthermore, the objection raised on appeal must be the same as the objection raised at trial.[6] Where a trial objection does not comport with the issue raised on appeal, error is not preserved for review and is waived.[7]

Appellant claims the testimony of Officer Bradshaw was in violation of the Appellant's motion in limine, which was granted by the trial court. In general, the grant or denial of a motion in limine does not preserve error.[8] The purpose of a motion in limine is to prevent the asking of prejudicial questions and making of prejudicial statements in the presence of the jury.[9] Grant of a motion in limine merely precludes reference to the subject of the motion without first obtaining ruling on admissibility of those matters outside the presence of the jury.[10]

To preserve a claim of error for appellate review regarding the improper admission of evidence, our law requires a party to object each time the allegedly

---

[4] Tex. R. App. P. 33.1(a); *Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009).

[5] *Rogers v. State*, 640 S.W.2d 248, 264 (Tex. Crim. App. 1982).

[6] *Ibarra v. State,* 11 S.W.3d 189, 197 (Tex. Crim. App. 1999), *cert. denied*, 531 U.S. 828 (2000); *Brasfield v. State*, 30 S.W.3d 502, 505 (Tex. App. –Texarkana 2000, no pet.).

[7] *Ibarra*, 11 S.W.3d at 197; *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1171 (1997); *Brasfield*, 30 S.W.3d at 505.

[8] *Johnson v. Garza*, 884 S.W.2d 831, 834 (Tex. App.—Austin 1994, writ denied).

[9] *Sims v. State*, 816 S.W.2d 502, 504 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

[10] *Id.*

inadmissible evidence is offered into evidence.[11] A party is required to continue to object each time inadmissible evidence is offered in order to preserve error, with two exceptions that require counsel to either obtain a running objection, or request a hearing outside the presence of the jury.[12] Appellant failed to object each time Officer Bradshaw testified about his prior contacts with the Appellant.

In the present case, the testimony of Officer Bradshaw introduced no prior bad acts or extraneous offenses committed by the Appellant. The State called Officer Scott Bradshaw to testify that he was familiar with the Appellant and could identify him. During Bradshaw's testimony, he stated that he knew Lyndon Anderson for several years and had several conversations with him it different settings. The Appellant then objected :

> STATE: And have you ever had a conversation with him inside of a vehicle?

> DEFENSE: Objection, Your Honor. May we approach?

> THE COURT: Wait before your answer. Wait.

> (AT THE BENCH, ON THE RECORD)

---

[11]*Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); *Long v. State*, 10 S.W.3d 389, 399 (Tex. App.—Texarkana 2000, pet. ref'd).

[12] *See Martinez v. State*, 98 S.W.3d 189 (Tex. Crim. App. 2003).

DEFENSE: This stuff about a field setting, a vehicle setting, he's trying to get around the fact that he can't get in that this individual was arrested—

STATE: How many times he has seen this individual—

DEFENSE: And he's already answered that question several times. So I'll object to cumulative.

THE COURT: And I understand what Mr. Elliot is trying to dodge, and he's dodged it well so far. So your objection is overruled. (R.R. Vol. 4, p. 34).

The Appellant first made an objection that the State was trying to get around the fact that Officer Bradshaw could not testify the Appellant had previously been arrested. Construing this objection broadly, the trial court was possibly made aware that Appellant had an objection that extraneous offense evidence was being introduced. The trial court overruled the objection. The Appellant never made another objection with specificity that Bradshaw was giving testimony about any prior bad acts or extraneous offenses.

As to the first objection, Officer Bradshaw was never asked if he had arrested the Appellant. That testimony was never illicited during Officer Bradshaw's testimony. The State carefully questioned Bradshaw regarding his prior dealings with Appellant as to not introduce extraneous offense evidence.

18

The State continued its questioning of Officer Bradshaw and his familiarity with the Appellant. Officer Bradshaw was then asked if he was present in the courtroom when the video of the robbery was played and if he could identify the individual in the video. (R.R. Vol. 4, p. 35). Officer Bradshaw testified the individual was Lyndon Anderson. The Appellant then objected to the next question:

STATE:     And you base that on your many years of knowing him, your many conversations with him, the many times that you stood this close to him?

DEFENSE:  Objection, leading.

THE COURT:     Overruled.

(R.R. Vol. 4, p. 35).

The second objection from the Appellant was to a leading question. That is not the complaint Appellant raises on appeal. On appeal, Appellant complains that Officer Bradshaw's testimony introduced extraneous offenses of the Appellant. The objection raised on appeal must be the same as the objection raised at trial. Because the second trial objection does not comport with the issue raised on appeal, that specific objection fails to preserve any error for review.

Because Appellant's objections at trial were unspecific and do not comport with his objections on appeal, error was not preserved for review. Alternatively, because Appellant did not object each time that the testimony was introducing

19

evidence of prior bad acts or extraneous offenses, error was not preserved for review.

## B. Standard of Review

Should this court determine Appellant preserved this error for review, the trial court is given wide discretion in evidentiary rulings.[13] Appellate courts review a trial court's exclusion of evidence under an abuse of discretion standard of review.[14] A trial court had not abused its discretion unless it has acted arbitrarily and unreasonably, without reference to any guiding rules or principles.[15] As long as the trial court's ruling remains with the "zone of reasonable disagreement," there is not abuse of discretion and the trial court's ruling will be upheld.[16]

## C. Application of Law to Facts

Appellant argues Officer Bradshaw's testimony regarding his familiarity of the Appellant introduced extraneous offense evidence and should have been excluded at trial. However, on review of the record it is clear that Officer Bradshaw never mentioned any specific occasions where he came into contact with the Appellant which would amount to an extraneous offense. Appellant fails to specify how Officer Bradshaw's testimony that he has known and spoken with

---

[13] *Williams v. State*, 535 S.W.2d 637, 639-40 (Tex. Crim. App. 1976).
[14] *Harris v. State*, 152 S.W.3d 786, 793 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).
[15] *Harwood v. State*, 961 S.W.2d 531, 536 (Tex. App.—San Antonio 1997, no pet.).
[16] *See Rachal v. State*, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996).

Appellant on many occasions elicited evidence of a prior bad act or extraneous offense.

**D. Conclusion**

Officer Bradshaw's testimony that he had come into contact with the Appellant multiple times over several years in office and field settings was admissible at trial. His testimony did not introduce any prior bad acts or extraneous offenses, therefore it was not error for the trial court to allow his testimony. Therefore, Appellant's second point of error should be overruled.

## Reply to Point of Error Three

*The evidence is sufficient to support Appellant's conviction for aggravated robbery.*

In his third point of error, the Appellant argues that because the victim identified another individual as committing the robbery that the evidence was insufficient to support his conviction. However, looking at the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the Appellant was the suspect who robbed the Mo Money store.

## Argument and Authorities

### A. Standard of Review

In reviewing the sufficiency of the evidence, the reviewing court should apply the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). This standard requires a reviewing court to examine all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.[17] Further, an appellate court presumes the fact finder resolved conflicting inferences in favor of the verdict, and defers to that determination.[18] The question is whether viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[19]

### B. Application of Law to Facts

Appellant contends that although multiple other witnesses identified him as the robber and the video of the robbery clearly depicting him was shown to the jury, that the evidence was insufficient to sustain Appellant's conviction. However, looking at the evidence presented at trial in the light most favorable to the verdict, any rational trier of fact could have found that the Appellant was the person who committed the robbery beyond a reasonable doubt.

---

[17] 443 U.S. 307, 319 (1979).
[18] *Clayton v. State*, 235 S.W.3d 772, 778(Tex. Crim. App. 2007).
[19] *Jackson*, 443 U.S. at 318-19.

22

At trial, the jury was shown surveillance video of the robbery of the Mo Money store. (R.R. Vol. 4, p. 28, State's Exhibit 2). The Appellant is seen on the video entering the store four separate times on the same day. Each time he leaves out the front door where the surveillance camera is located and there is a clear view of his face. In addition, still photos taken from the video clearly showing the suspect's face during the robbery shown to the jury. (R.R. Vol. 4, p.36, State's Exhibits 3-7).

The evidence elicited at trial included testimony from Officer Bradshaw of the Arkansas State Police who was familiar with the Appellant and had known him several years. Bradshaw identified the Appellant as the person who committed the robbery. (R.R. Vol. 4, p. 36-37).

Police Officer Robert Gentry also testified that he was very familiar with the Appellant prior to the robbery. Officer Gentry also identified Appellant as the suspect seeing robbing the Mo Money Store. (R.R. Vol. 4, p. 44).

Ruth Leeper testified she was a friend of the Appellant and had loaned him her white Honda Accord to drive on the date of the robbery, August 20, 2011. (R.R. Vol. 4, p. 56-57).   On the surveillance video, the Appellant is seen getting into and out of a white Honda Accord outside of the Mo Money store. (State's Exhibit 2). Ms. Leeper testified that Appellant returned her car:

STATE: Okay. Tell the ladies and gentlemen of the jury the circumstances in which he returned your car?

WITNESS: Baines came to my house – that's his middle name. He came to my house in the middle of the night, woke me up, and told me that he was returning the car, that he parked it behind my house, that he did something stupid, that he didn't want to get into it because he didn't want me involved, and that he had to leave town. And that was it.

(R.R. Vol. 4, p. 58).

The victim, Charity Haworth, testified she was working as an office manager at the Mo Money on the day of the robbery. (R.R. Vol. 4, p. 67-68). She testified that the suspect came in the store three or four times. (R.R. Vol. 4, p. 69). Charity testified that when the suspect was trying to break down the door to get into the office area she was in fear of imminent bodily injury or death. (R.R. Vol. 4, p. 72-73). Charity stated that she viewed a photo line-up a day or so after the robbery and she did not correctly identify the person who robbed her. (R.R. Vol. 4, p. 78-79). She testified that she picked the person because it was the closest to how she thought he looked at the time. (R.R. Vol. 4, p. 79). Charity Haworth selected photo number 5 in the lineup. (R.R. Vol. 4, p. 83). Detective Scott Sartor testified that the Appellant's photo was in position number 2 in the lineup, but that the picture was

not a recent photo of the Appellant. (R.R. Vol. 4, p. 86). Detective Sartor stated that he knew the victim had circled photo 5 in the lineup, but that he continued to investigate. (R.R. Vol. 4, p. 87). Sartor viewed the surveillance video himself and spoke with Bradshaw and Gentry regarding their identification of the Appellant in the video. (R.R. Vol. 4, p. 87-88). Sartor testified that based on his viewing of the video and his conversations with people personally acquainted with the Appellant that it was his opinion the Appellant was the person who committed the robbery. (R.R. Vol. 4, p. 88).

The jury could have rationally concluded from the evidence that Appellant's assault of the victim was intended to facilitate the theft and therefore occurred in the course of committing theft.

## C. Conclusion

Viewing the evidence in a light most favorable to the verdict, this court can find that a rational jury could have found beyond a reasonable doubt that the Appellant committed aggravated robbery. The jury viewed the video and the suspect who committed the robbery and was able to view the Appellant in the courtroom themselves and made the determination the Appellant committed the robbery. This all in spite of the fact the victim picked a different person in the photo lineup. Because there is sufficient evidence that the Appellant was the

individual who committed the robbery, Appellant's challenge to the sufficiency of the evidence should be overruled.

For the above-mentioned reasons, Appellant's second point of error should be overruled.

## Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** there being legal and competent evidence sufficient to justify the conviction and punishment assessed in this case and no reversible error appearing in the record of the trial of the case, the State of Texas respectfully prays that this Honorable Court affirm the judgment and sentence of the trial court below.

**Respectfully Submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819

_/s/ Lauren N. Sutton_____
By:    Lauren N. Sutton
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819
Lauren.sutton@txkusa.org

**Attorneys for the State**

27

**Certificate of Compliance**

I, Lauren N. Sutton, certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellee's Brief contains 8,017 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

/s/ Lauren N. Sutton
**Lauren N. Sutton**

## Certificate of Service

I, Lauren N. Sutton, certify that I have served a true and correct copy of the foregoing Brief for the State upon Ms. Kristian Young, Attorney for Appellant, on this the 18th day of February 2015.

__/s/ Lauren N. Sutton_____
**Lauren N. Sutton**