ACCEPTED
06-15-00057-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/29/2015 5:07:31 PM
DEBBIE AUTREY
CLERK

No. 06-15-0057-CR

IN THE COURT OF APPEALS
FOR THE SIXTH SUPREME JUDICIAL DISTRICT
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/30/2015 10:44:00 AM
DEBBIE AUTREY
Clerk

**Marcus Leslie,**                                                          *Appellant*

**v.**

**The State of Texas,**                                                        *State*

Appealed from the 5th Judicial District Court
Bowie County, Texas



BRIEF FOR THE STATE
The State Does Not Request Oral Argument

**Respectfully submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501

By:   **Lauren N. Sutton**
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Texas Bar No. 24079421
**Attorneys for the State**

| | | |
|---|---|---|
| Marcus Leslie, | § | Nos. 06-15-0057-CR |
| *Appellant* | § | |
| | § | |
| v. | § | |
| | § | |
| The State of Texas, | § | |
| *State* | § | BRIEF FOR THE STATE |
| | § | |

**Identity of the Parties**

The following is a complete list of all the parties to the trial court's judgment as required by the provisions of Rule 38.2(a) of the Texas Rules of Appellate Procedure:

1. Defendant and Appellant:

   **Marcus Leslie**

2. Attorneys for Appellant on appeal:

   **Troy Hornsby**
   1725 Galleria Oaks Drive
   Texarkana, Texas 75503

3. Attorneys for Appellant at trial:

   **Chad Crowl**
   Bowie County Public Defender's Office

4. Attorney for the State of Texas at trial:

   **Samantha Oglesby**
   **Kelley Crisp**
   Assistant District Attorneys
   Bowie County, Texas
   601 Main Street
   Texarkana, Texas 75501

5. Attorney for the State of Texas on appeal:

   **Lauren N. Richards**
   Assistant District Attorney
   Texas Bar No. 24079421
   601 Main Street
   Texarkana, Texas 75501
   Lauren.sutton@txkusa.org

6. Presiding Judge at trial:

   **The Honorable Bill Miller**
   District Court Judge
   5th Judicial District
   Bowie County, Texas
   Bi-State Justice Building
   100 North State Line Avenue
   Texarkana, Texas 75501

# Table of Contents

Identity of the Parties and Counsel ....................................................................i-ii

Table of Contents ................................................................................... iii

Index of Authorities ............................................................................ iv-v

Statement of the Case ...............................................................................1

Reply to Points of Error ...........................................................................2

Summary of Argument ...................................................................... 3-4

Argument........................................................................................... 5-16

        Reply to Point of Error Number One ............................................ 5-13
*The State's Notice of Intent to Seek Enhanced Punishment gave the Appellant sufficient notice of the necessary details of the prior felony offense which the State would be using to seek enhanced punishment.*

        Reply to Point of Error Number Two .......................................... 13-16
*The affirmative deadly weapon finding is not based on a showing the firearm was "used or exhibited during the commission of a felony offense," and therefore is improper.*

Prayer for Relief....................................................................................16

Certificate of Compliance ......................................................................17

Certificate of Service .............................................................................18

# Index of Authorities

## **Cases**

*Brasfield v. State*, 30 S.W.3d 502 (Tex. App. –Texarkana 2000, no pet.) ..............13

*Brooks v. State*, 957 S.W.2d 30 (Tex. Crim. App. 1997) ...........................................7

*Cooper v. State*, 500 S.W.2d 837 (Tex. Crim. App. 1973)..............................9,10,11

*Ex parte Petty*, 833 S.W.2d 145 (Tex.Crim.App.1992) ...........................................11

*Fitzgerald v. State*, 722 S.W.2d 817 (Tex. App.—Tyler 1987) .........................14,15

*Freda v. State*, 704 S.W. 41 (Tex. Crim. App. 1986)................................................10

*Gale v. State*, 998 S.W.2d 221 (Tex. Crim. App. 1999)............................................15

*Goff v. State*, 931 S.W.2d 537 (Tex. Crim. App. 1996) .............................................7

*Hickman v. State*, 548 S.W.2dd 736 (Tex. Crim. App. 1977) ..................................11

*Hollins v. State*, 571 S.W.2d 873 (Tex. Crim. App. 1978).................................10,11

*Ibarra v. State*, 11 S.W.3d 189 (Tex. Crim. App. 1999) ............................................7

*Jackson v. Virginia*, 443 U.S. 307 (1979)................................................................13

*Narron v. State*, 835 S.W.2d 642 (Tex. Crim. App.1992)...................................14,15

*Patterson v. State*, 769 S.W.2d 938 (Tex. Crim. App. 1989) ...................................14

*Pelache v. State*, 324 S.W.3d 568 (Tex. Crim. App. 2010)......................................10

*Plummer v. State*, 410 S.W.3d 855 (Tex. Crim. App. 2013)....................................14

*Rogers v. State*, 640 S.W.2d 248 (Tex. Crim. App. 1982) .........................................6

*Tyra v. State*, 897 S.W.2d 796 (Tex.Crim.App.1995) ..............................................14

*Villescas v. State*, 189 S.W.2d 290 (Tex. Crim. App. 2006) ...........................9,10,11

*Woods v. State,* 398 S.W.3d 396 (Tex. App.–Texarkana 2013, pet. ref'd)..............15

**Texas Code of Criminal Procedure**

Tex. Code Crim. Proc. art. 42.12 §3g(a)(2) ...........................................................14

**Texas Penal Code**

Tex. Penal Code § 12.42(d) ...................................................................................11

**Texas Rules of Appellate Procedure**

Tex. R. App. Proc. 43.2 ........................................................................................15

## Statement of the Case

Appellant, Marcus Leslie was found guilty by a jury of unlawful possession of a firearm by a felony. The jury assessed punishment at fifty (50) years to be served consecutively in the Texas Department of Criminal Justice- Institutional Division. The Judge sentenced the Appellant accordingly. Appellant then perfected appeal to this Honorable Court. He now appeals the punishment verdict of the trial court on two points of error.

# Reply to Points of Error

REPLY TO POINT OF ERROR NUMBER ONE:

The accomplice witness testimony was sufficiently corroborated by other testimony and evidence.

REPLY TO POINT OF ERROR NUMBER TWO:

The affirmative deadly weapon finding is not based on a showing the firearm was "used or exhibited during the commission of a felony offense,"and therefore is improper.

# Summary of the Argument

REPLY TO POINT OF ERROR NUMBER ONE:

*The State's Notice of Intent to Seek Enhanced Punishment gave the Appellant sufficient notice of the necessary details of the prior felony offense which the State would be using to seek enhanced punishment.*

In his first point of error, Leslie argues the State's Notice of Intent to Seek Enhanced Punishment is defective because it did not include all necessary elements as required. However, the State's notice included copies of both judgments which gave the Appellant proper notice that the second felony offense occurred after the first felony offense conviction became final. Appellant received constitutionally adequate notice of the State's intent to enhance punishment both with the State's Notice of Intent to Seek Enhanced Punishment and during the punishment phase of the trial. The notice sufficiently alleged which specific prior felony convictions would be introduced. Because notice was given to the Appellant of which prior felony convictions would be introduced, the enhancement allegations were properly used to enhance his punishment. Appellant has failed to establish that he has suffered any harm resulting from the alleged inadequate notice.

*The affirmative deadly weapon finding is not based on a showing the firearm was "used or exhibited during the commission of a felony offense," and therefore is improper.*

In point of error number two, Appellant argues there is insufficient evidence to support the affirmative deadly weapon finding in the judgment. A review of caselaw indicates that because the Appellant was not convicted of both offenses at trial, the affirmative deadly weapon finding is not based on a showing the firearm was "used or exhibited during the commission of a felony offense."

**Reply to Point of Error One**

*The State's Notice of Intent to Seek Enhanced Punishment gave the Appellant sufficient notice of the necessary details of the prior felony offense which the State would be using to seek enhanced punishment.*

In point of error number one, the Appellant argues that the State's notice of enhancement is defective because it does not allege that the second felony was committed after the first felony conviction became final. However, the State provided sufficient notice to the Appellant that it would be seeking enhanced punishment and also the necessary details of the prior felony offenses which the State would be using to enhance punishment.

**Argument and Authorities**

The indictment for Unlawful Possession of a Firearm by a Felon alleged only one prior felony conviction. But prior to trial, on March 25, 2015, the State filed a Notice of Intent to Seek Enhanced Punishment," which alleged as follows:

> 4. Specifically, the State intends to present evidence that, prior to the commission of the offenses as set out above, the defendant, MARCUS LESLIE, was finally convicted of a felony offense, namely, RESIDENTIAL BURGLARY, in cause No. CR-2005-30 in the Circuit Court of Miller County, Arkansas, on or about February 10, 2005; and after the aforementioned felony conviction was final, the defendant was finally convicted of the felony offense of THEFT

OF PROPERTY, in cause No. CR-2006-197 in the Circuit Court of Miller County, Arkansas, on or about January 9, 2007 (See Attachment A).
(C.R. p. 75).

The referenced 'Attachment A' includes copies of two judgements of conviction for the prior felony offenses alleged in the Notice. The Notice also advises that proof of these two prior convictions would increase the range of punishment in Cause No. 13F1016-005 to any term of not less than twenty-five years or more than ninety-nine years of life.

The Appellant points out that the enhancement allegation merely alleges he was *convicted* of the second felony offense after his conviction for the first felony offense became final, instead of alleging the second felony offense was *committed* after the conviction for the first felony offense became final.

## A. Preservation of Error

As a general rule, appellate courts will not consider any error which counsel for the accused could have called, but did not call, to the attention of the trial court at the time when such error could have been avoided or corrected by the trial court.[1] Furthermore, the objection raised on appeal must be the same as the

---

[1] *Rogers v. State*, 640 S.W.2d 248, 264 (Tex. Crim. App. 1982).

6

objection raised at trial.[2] Where a trial objection does not comport with the issue raised on appeal, error is not preserved for review and is waived.[3]

At trial, the complaint was not that the notice was inadequate, but that the prior convictions were not final because the Appellant received a suspended sentence in one of the convictions, and therefore the conviction wasinsufficient to enhance punishment.

In Appellant's Motion to Quash, the basis of his argument was that his first felony offense did not become final until after the second felony offense had been committed. (C.R. p. 88). This argument was based on the fact the Appellant was initially placed on probation in the first felony offense, and for a suspended sentence to become a final conviction, there must be a revocation and the defendant has to serve time in the penitentiary. At trial, the Motion to Quash was addressed and the State argued that the two convictions were out of Arkansas and "[u]nder the Arkansas Habitual Offender Code, any conviction can be used for enhancement purposes and under Arkansas case law, they have expressly rejected a contention that because the defendant was placed on a suspended sentence and not revoked that that was not a felony conviction that could be used for enhancement purposes. In the state of Arkansas, at the time the suspended sentence

---

[2] *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999), *cert. denied*, 531 U.S. 828 (2000); *Brasfield v. State*, 30 S.W.3d 502, 505 (Tex. App. –Texarkana 2000, no pet.).
[3] *Ibarra*, 11 S.W.3d at 197; *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1171 (1997); *Brasfield*, 30 S.W.3d at 505.

is handed down, that is the final date of conviction, not when the sentence was revoked." (R.R. Vol. 3, p. 78-79).

The trial court denied the Appellant's Motion to Quash stating:

> "It appears to the Court that numerous courts of appeals have held that – numerous Texas courts of appeals have held that a conviction in another state may be used as an enhancement in the state of Texas as long as the convictions in the other state or the federal system were considered final convictions in the other state or the federal system, specifically in *Ramos v. State*, 351 S.W. 319, which is the Amarillo Court of Appeals; *Dominique v. State*, at 787 S.W.2d 107, which is a Houston 14th District Court of Appeals; as well as *Skillern v. State,* 890 S.W.2d 849, which is an Austin Court of Appeals, have all held that the question under the Penal Code is whether or not the foreign jurisdiction would hold that conviction as a final conviction. So then the second question becomes whether or not in Arkansas a prior conviction that was a probation, where the defendant was placed on probation, was a final conviction at the time. Based upon the law provided by the state, the Supreme Court of Arkansas ruled in *Rolark v. State* at 772 S.W.2d 588 that the, a probation finding in Arkansas would be sufficient to make it a final conviction with regard to that state's enhancement provision. Likewise, the Arkansas Court of Appeals, in *King v. State*, at 969 S.W.2d 199, further relying on *Rolark* and *Reeves v. Stat*e at 564 S.W.2d 503, I've found that the convictions would be a final conviction under Arkansas law with regard to enhancement purposes. Accordingly, the Court's going to deny the defendant's motion and allow the state to proceed on its intent to seek enhanced punishment."
> (R.R. Vol. 3, p. 82-83).

The Appellant requested a "running objection to the enhancement paragraphs," which the trial court noted. (R.R. Vol. 3, p. 83).

However, not once at trial did the Appellant object to the sufficiency of the notice itself. The complaint at trial was that one of the convictions the State sought

to use for enhancement did not become a final conviction until after the other felony had been committed. The Appellant's complaint to the trial court was not that the notice was deficient. Appellant's trial objection does not comport with the issue raised on appeal, therefore he has failed to preserve his claim of an inadequate notice of enhancement allegations.

## B. Standard of Review

Should this Court determine the Appellant has preserved this point of error for review, the Notice given by the State was sufficient.

When the State seeks to enhance a defendant's punishment with evidence of a prior conviction, " '[t]he accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial on the question of whether he is the named convict therein .... and if possible show there is a mistake in identity, or that there was no final former conviction or the like.' "[4] "[P]rior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment—although it is permissible and perhaps preferable to do so."[5]

---

[4] *Villescas v. State,* 189 S.W.3d 290, 293 (Tex. Crim. App. 2006) (quoting *Hollins v. State,* 571 S.W.2d 873, 875 (Tex. Crim. App. 1978)).

[5] *Brooks v. State,* 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).

This right to notice is rooted in due process.[6] Under a due process analysis, the issue is "whether appellant received sufficient notice of the enhancements so that he had an opportunity to prepare a defense to them."[7]

## C. Application of Law to Facts

A defendant is entitled to notice of a prior conviction that the State intends to use for enhancement.[8] While proper notice of intent to enhance punishment must be timely, the notice need not be pled in the indictment to be sufficient, so long as it is pled "in some form" prior to trial.[9] Adequate notice informs the defendant that the State is seeking a greater penalty than it would seek absent the enhancement allegations and serves to allow the defendant to show possible defenses, such as a mistake in identity or that the prior convictions never became final.[10]

It is not required that enhancement allegations appear on the face of the indictment.[11] The allegation is not required to be perfect and a substantially correct allegation may be sufficient.[12] It is not necessary to allege enhancements with the same specificity as used in charging on the primary offense.[13] All that is required is that the defendant receives "some form" of notice of the State's intent to use prior

---

[6] *Villescas,* 189 S.W.3d at 293.

[7] *Pelache v. State,* 324 S.W.3d 568, 577 (Tex. Crim. App. 2010).

[8] *Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997).

[9] *Id.* at 34.

[10] *Hollins v. State*, 571 S.W.2d 873, 876 (Tex. Crim. App. 1978).

[11] *Brooks*, 957 S.W.2d at 34.

[12] *See Fitzgerald v. State*, 722 S.W.2d 817, 822 (Tex. App.—Tyler 1987), aff'd, 782 S.W.2d 876 (Tex. Crim. App. 1990).

[13] *See Freda v. State*, 704 S.W. 41, 42 (Tex. Crim. App. 1986).

convictions to enhance punishment.[14] At a minimum, a defendant is "entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial of the question of whether he is the named convict therein."[15]

Whether an enhancement allegation is sufficient depends on whether a defendant could be misled by the erroneous allegation.[16] The test is whether the description is sufficient to enable the defendant to find the record and prepare for trial.[17]

Texas law requires the second felony offense to be committed after the conviction for the first felony offense becomes final.[18] The State's Notice alleges that Leslie was *convicted* of the second felony offense after his conviction for the first felony offense became final, instead of alleging the second felony offense was *committed* after the conviction for the first felony offense became final. (C.R. p. 75). In this case, any alleged error in the enhancement allegations did not mislead or in any way inhibit Leslie's preparation of a defense. The description contained sufficient details to enable Leslie to find the prior convictions.

---

[14] *Brooks,* 957 S.W.2d. at 33.

[15] *Id.*

[16] *See Hollins v. State*, 571 S.W.2d 873, 877 (Tex. Crim. App. 1978); *Cooper v. State*, 500 S.W.2d 837, 839 (Tex. Crim. App. 1973).

[17] *Villescas v. State*, 189 S.W.2d 290, 293 (Tex. Crim. App. 2006) (*citing Hollins*, 571 S.W.2d at 875)

[18] *See* Tex. Penal Code § 12.42(d); *Hickman v. State*, 548 S.W.2dd 736, 737 (Tex. Crim. App. 1977).

Additionally, the State attached copies of the judgements from the two convictions to the Notice. The judgments both reflect the date the offense occurred and the date of conviction. (C.R. p. 74). While the notice alleged conviction of the second offense when it should have alleged commission of the second offense, the description expressed an explicit allegation of sequence of the prior offenses. The Appellant could not have been misled that the State was merely alleging multiple felonies in hopes of proving at least one prior felony conviction. There is no ambiguity that the State was seeking to invoke Tex. Penal Code § 12.42(d). Therefore, any error in the notice did not render its description insufficient.

**D. Conclusion**

The Appellant's complaint at trial does not comport with his complaint on appeal; therefore, the Appellant waived any error regarding notice of enhancement. However, Appellant received constitutionally adequate notice of the State's intent to enhance punishment. Appellant received the State's Notice of Intent to Seek Enhanced Punishment and was aware which convictions would be used as enhancement allegation because the notice identified the offenses of conviction, trial cause numbers, convicting courts, and dates of conviction. The Notice also included copies of the judgments of conviction for the two prior offenses. The State's Notice of Intent to Seek Enhancement contained an allegation sufficient to inform Leslie of the State's intent to establish that the two prior convictions were

sequenced. Leslie has failed to allege any defense to the enhancement allegations that he was prevented from developing.

For these reasons, Appellant's first point of error should be overruled.

## Reply to Point of Error Two

*The affirmative deadly weapon finding is not based on a showing the firearm was "used or exhibited during the commission of a felony offense," and therefore is improper.*

In point of error number two, Appellant argues there is insufficient evidence to support the affirmative deadly weapon finding in the judgment. A review of caselaw indicates that because the Appellant was not convicted of both offenses at trial, the affirmative deadly weapon finding is not based on a showing the firearm was "used or exhibited during the commission of a felony offense."

## Argument and Authorities

### A. Standard of Review

In reviewing the sufficiency of the evidence, the reviewing court should apply the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). This standard requires a reviewing court to examine all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.[19]

---

[19] 443 U.S. 307, 319 (1979).

13

**B. Application of Law to Facts**

An affirmative finding of a deadly weapon pursuant to section 3g(a)(2) of Texas Code of Criminal Procedure article 42.12 is based on a showing that the deadly weapon "was used or exhibited during the commission of a felony offense or during immediate flight therefrom."[20] The "use" of a deadly weapon in the context of an affirmative deadly weapon finding includes simple possession *if such possession facilitates the associated felony.[21]* "[I]n order to 'use' a deadly weapon for affirmative finding purposes, the weapon must be utilized to achieve an intended result, namely, the commission of a felony offense separate and distinct from 'mere' possession."[22] "[A] deadly-weapon finding for a felony offense must contain some facilitation connection between the weapon and the felony. The deadly weapon must, in some manner, help facilitate the commission of the felony."[23]

In this case, the evidence at trial was that Leslie was a friend of Johnny Booth and that Leslie took a firearm out of Booth's home without Booth's permission. (R.R. Vol. 3, p.155). In Leslie's interview he admitted to possessing

---

[20] *See* Tex. Code Crim. Proc. art. 42.12, § 3g(a)(2).

[21] *Patterson v. State,* 769 S.W.2d 938, 941 (Tex. Crim. App. 1989) (emphasis added); *see Tyra v. State,* 897 S.W.2d 796, 798 (Tex. Crim. App. 1995) ("[M]ere possession of [deadly] weapon without putting it to any use or purpose whatsoever does not [permit an affirmative deadly weapon finding].").

[22] *Narron v. State,* 835 S.W.2d 642, 644 (Tex. Crim. App. 1992); *see Ex parte Petty,* 833 S.W.2d 145 (Tex. Crim. App. 1992), *abrogated on other grounds by Ex parte Nelson,* 137 S.W.3d 666 (Tex. Crim. App. 2004).

[23] *Plummer v. State*, 410 S.W.3d 855 (Tex. Crim. App. 2013)

the firearm, but claimed that Booth had given him the firearm. (R.R. Vol. 3, p. 186; State's Exhibit 4). Leslie gave multiple excuses for why he was in possession of the firearm. (R.R. Vol. 3, p. 186-87; State's Exhibit 4).

The trial court appears to have based its findings solely on Appellant's mere possession of the firearm. When applied to the special issue regarding the use or exhibition of a deadly weapon during the commission of a felony offense, the question facing the reviewing Court is whether a rational trier of fact could find beyond a reasonable doubt that the mere possession of firearms facilitated the associated felony.[24]

The Texas Court of Criminal Appeals has held that, where the associated felony is unlawful possession of a firearm by a felon, an affirmative deadly weapon finding cannot be based solely on the defendant's possession of the firearm.[25] Therefore, the affirmative deadly weapon finding pertaining to Appellant's conviction for the offense of unlawful possession of a firearm by a felon is inappropriate.

The reviewing court can modify an incorrect judgment and make the record "speak the truth" when we have the necessary data and information to do so.[26]

---

[24] *Gale v. State,* 998 S.W.2d 221, 223–24 (Tex. Crim. App. 1999).

[25] *Narron v. State,* 835 S.W.2d 642 (Tex. Crim. App.1992); *Ex parte Petty,* 833 S.W.2d 145 (Tex. Crim. App. 1992).

[26] Tex. R. App. Proc. 43.2 (b); *see Woods v. State,* 398 S.W.3d 396, 406 (Tex. App.–Texarkana 2013, pet. ref'd).

The record reflects an affirmative deadly weapon finding which this court may modify, and as modified, this Court should affirm the judgment.

**Prayer for Relief**

**WHEREFORE, PREMISES CONSIDERED,** there being legal and competent evidence sufficient to justify the conviction and punishment assessed in this case and no reversible error appearing in the record of the trial of the case, the State of Texas respectfully prays that this Honorable Court affirm the judgment and sentence of the trial court below.

**Respectfully Submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819


__/s/Lauren N. Sutton_____
By:  Lauren N. Sutton
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819

**Attorneys for the State**

16

## Certificate of Compliance

I, Lauren N. Sutton, certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellee's Brief contains 3,083 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

\_\_/s/Lauren N. Sutton_____
**Lauren N. Sutton**

## Certificate of Service

I, Lauren N. Sutton, certify that I have served a true and correct copy of the foregoing Brief for the State upon Mr. Troy Hornsby, Attorney for Appellant, on this the 29th day of October, 2015.

\_\_/s/Lauren N. Sutton_____

**Lauren N. Sutton**